# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TRACEY L. BROWN,

    Plaintiff,

vs.

ROBERT MARTINEZ, et al.,

    Defendants.

Case No. 2:12-cv-00173-JCM-GWF

**ORDER**

Application to Proceed in Forma Pauperis (#1) and Screening of Complaint

    This matter comes before the Court on Plaintiff's Application to Proceed in Forma Pauperis (#1), filed on February 1, 2012.

## BACKGROUND

    Plaintiff alleges a violation of his civil rights by the Las Vegas Metropolitan Police Department (LVMPD). On August 15, 2005, Plaintiff claims that the LVMPD barged in his house without permission and conducted an illegal search of his home. Plaintiff alleges that the officers were looking for a black male who committed a robbery. The officers allegedly knocked on 7 to 8 doors looking for the individual, but upon learning that white individuals resided at the home, the officers did not barge in. Plaintiff claims that when the officers knocked on his door, his 6 year old son, who is black, opened the door and the officers immediately barged in without permission, probable cause or search warrant.

    Plaintiff claims that he was asleep in the back of the house when the officers entered. The officers then woke Plaintiff up with guns drawn, and asked Plaintiff if they could ask him some questions. Plaintiff was then told by the officers to step outside of the house in his boxer shorts, and required to stand outside in the hot sun. While Plaintiff was outside, the police began

searching his home without permission.  Plaintiff claims that his girlfriend, Shari Douglas was forced to sign a consent to search card by one of the detectives.  Plaintiff further claims that the children that were in the house during this even now suffer mental, emotional and physical consequences.

In December of 2007, Plaintiff states that his case went to trial before Judge Adair.  Plaintiff alleges that the officers again discriminated against him by lying on the stand.  Plaintiff states that he was found guilty of all charges, and subsequently filed an appeal.   Plaintiff alleges that he spent almost 6 years in prison for crimes he did not commit.  Plaintiff claims that on August 3, 2009, the Nevada Supreme Court reversed his conviction and remanded his case back for trial.

Based on the above factual allegations, as best the Court can tell, Plaintiff alleges a violation of his Fourth Amendment right against illegal search and seizures, racial discrimination, and Fourteenth Amendment right to due process of law.  Plaintiff believes that he is entitled to $15 million in compensatory damages for the Fourth Amendment violation and $15 million for the racial discrimination by the officers.  Plaintiff alleges that he suffered mental, emotional and physical stress from this incident.  Plaintiff further claims that his parents  passed away while he was in prison, and he was not allowed to bury them due to his incarceration.

## DISCUSSION

**I.     Application to Proceed In Forma Pauperis**

Plaintiff filed this instant action and attached a financial affidavit to his application and complaint as required by 28 U.S.C. § 1915(a).  Reviewing Brown's financial affidavit pursuant to 28 U.S.C. § 1915, the Court finds that Plaintiff is unable to pre-pay the filing fee. As a result, Plaintiff's request to proceed in forma pauperis in federal court is granted.

**II.    Screening the Complaint**

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).

In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," or if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a *pro se* complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (*per curiam*). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly,* 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id., See Papasan v. Allain,* 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (*e.g.* claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (*e.g.* fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991).

### III.     Instant Complaint

Plaintiff alleges claims of illegal search and seizure, racial discrimination and due process.

Each of these claims appear to be inextricably intertwined with Plaintiff's state court conviction. The Supreme Court has held that a § 1983 action cannot be used to collaterally attach a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v.. Humphrey*, 512 U.S. 477, 484 (1994). The Ninth Circuit has expanded the *Heck* doctrine to include pending and dismissed charges as well as final convictions. *Harvey v. Waldron*, 210 F.3d 1008, 1014 (9th Cir.2000). In *Harvey*, the Ninth Circuit joined numerous other circuits in holding that *Heck* applies to pending criminal charges. "A claim, that if successful would necessarily imply the invalidity of a conviction in a pending criminal prosecution, does not accrue so long the potential for a conviction in the pending criminal prosecution continues to exist." *Id.* The court reasoned that there is virtually no difference between "a conviction that is outstanding at the time the civil rights action is instituted and a potential conviction on a pending charge that may be entered at some point thereafter." *Id.* Both situations invite a potential for inconsistent determinations in the civil and criminal cases, allowing a criminal defendant to collaterally attack a prosecution or pending prosecution in a civil suit, something which "lies at the intersection of the federal habeas corpus statute and the Civil Rights Act of 1871." *Id.*

  Here, Plaintiff states that the Nevada Supreme Court reversed his conviction and remanded his case back to state court for trial. Given the information provided in the Complaint, the current status of Plaintiff's state court case is unclear. Although Plaintiff states that his conviction has been reversed, he also indicates that it was remanded back to the trial court for an additional trial. Plaintiff fails to indicate whether the trial on remand has occurred. Further, Plaintiff filed this instant action while incarcerated, leading the Court to assume that Plaintiff's state court case is ongoing. Without more information, it appears as though Plaintiff may still face the same criminal charges that he was convicted of in his first trial. Thus, Plaintiff may have pending criminal charges. This §1983 claims would, if successful, "necessarily imply the invalidity of a conviction in a pending criminal prosecution." Therefore, Plaintiff's § 1983 action "does not accrue so long the potential for a conviction in the pending criminal prosecution continues to exist." *See Sevrence*

*v. Sheriff Washoe County*, 2009 WL 497989, *3 (D. Nev. 2009).

If, however, Plaintiff's trial on remand was already conducted and he has no pending criminal charges against him, then Plaintiff may be allowed to pursue his §1983 claim. Without more information concerning the status of Plaintiff's state case, the Court is unable to accurately screen Plaintiff's complaint. The Court will therefore dismiss without prejudice Plaintiff's complaint and grant him leave to amend to provide additional information. Plaintiff states several times in his complaint that he gives the Court permission to review his state court files, but fails to provide the Court with those files. When screening a plaintiff's complaint, the Court is limited to the pleadings and documents submitted by the Plaintiff. The Court will not conduct an independent investigation into Plaintiff's state court case. If Plaintiff wants the Court to see any specific documents, Plaintiff must provide the Court with such documents.

If Plaintiff elects to proceed in this action by filing an amended complaint, he is informed that the court cannot refer to a prior pleading in order to make his amended complaint complete. Local Rule 15–1 requires that an amended complaint be complete in itself without reference to any prior pleading. This is because, as a general rule, an amended complaint supersedes the original complaint. *See Loux v. Rhay*, 375 F.2d 55, 57 (9th Cir.1967). Once Plaintiff files an amended complaint, the original pleading no longer serves any function in the case. Therefore, in an amended complaint, as in an original complaint, each claim and the involvement of each defendant must be sufficiently alleged. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Application to Proceed In Forma Pauperis is granted. Plaintiff shall not be required to pay an initial partial filing fee. However, even if this action is dismissed, the full filing fee must still be paid pursuant to 28 U.S.C. § 1915(b)(2).

**IT IS FURTHER ORDERED** that the movant herein is permitted to maintain this action to conclusion without the necessity of prepayment of any additional fees or costs or the giving of security therefor. This Order granting leave to proceed in forma pauperis shall not extend to the issuance of subpoenas at government expense.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Accounting and Finance Department for the Clark County Detention Center shall pay to the Clerk of the United

1  States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's
2  account (inmate #432533), in the months that the account exceeds $10.00, until the full $350 filing
3  fee has been paid for this action.  The Clerk of the Court shall send a copy of this Order to the
4  Finance Division of the Clerk's Office.  The Clerk shall also send a copy of this Order to the
5  attention of the Accounting and Finance Department for the Clark County Detention Center, 330
6  South Casino Center, Las Vegas, Nevada 89101.

7  **IT IS FURTHER ORDERED** that Plaintiff's Complaint is dismissed without prejudice
8  with leave to amend.  Plaintiff shall have until **Monday, April 16, 2012**, to correct the noted
9  deficiencies and file a complete amended complaint.

10  DATED this 19th day of March, 2012.

*George Foley Jr.* (signature)
GEORGE FOLEY, JR.
United States Magistrate Judge