1
2
3
4
5                   **UNITED STATES DISTRICT COURT**
6                       **DISTRICT OF NEVADA**
7
8   TRACEY L. BROWN,                    )
                                        )
9              Plaintiff,               )    Case No. 2:12-cv-00173-JCM-GWF
                                        )
10  vs.                                 )    <u>**ORDER AND REPORT AND**</u>
                                        )    <u>**RECOMMENDATION**</u>
11  ROBERT MARTINEZ, *et al.*,          )
                                        )    Screening of Amended
12             Defendants.              )    Complaint (#16)
    _____ )
13

14          This matter comes before the Court on Plaintiff's Amended Complaint (#16), filed on May

15   1, 2012.  This Court finds through preliminary screening that the Plaintiff's Fourteenth Amendment

16   equal protection claim and Fourth Amendment illegal search and seizure claim against Officer

17   Martinez may proceed, as they sufficiently state a claim upon which relief may be granted.  *See* 28

18   U.S.C. § 1915A(b).

19                            **<u>BACKGROUND</u>**

20          Plaintiff alleges a violation of his civil rights by the Las Vegas Metropolitan Police

21   Department (LVMPD) and Officer Martinez.  Plaintiff claims that the LVMPD entered his house

22   on August 15, 2005 without permission and conducted an illegal search of his home.  Plaintiff

23   alleges that the officers were looking for a black male who committed a robbery.  The officers

24   allegedly knocked on seven or eight doors looking for the perpetrator, but upon learning that white

25   individuals resided at the home, the officers did not enter.  Plaintiff claims that when the officers

26   knocked on his door, his 6-year-old son, who is black, opened the door and the officers

27   immediately entered without permission, probable cause or a search warrant.

28   . . .

1    Plaintiff claims that he and his girlfriend were asleep in the back of the house when the
2    officers entered.  The officers then woke the Plaintiff with their guns drawn, and asked him if he
3    would answer some questions.  Plaintiff was then told by the officers to step outside of the house
4    into the hot sun wearing only his boxer shorts.  While Plaintiff was outside, the police began
5    searching his home without permission.  Plaintiff claims that his girlfriend, Shari Douglas, was
6    forced to sign a consent to search card by one of the detectives.  Plaintiff further claims that he and
7    the children that were in the house during this event now suffer mental, emotional and physical
8    consequences.

9    In December of 2007, Plaintiff states that his case went to trial before Judge Adair.  Plaintiff
10   alleges that the officers again discriminated against him by lying on the stand.  Plaintiff states that
11   he was found guilty of all charges, and subsequently filed an appeal.  Plaintiff alleges that he spent
12   almost 6 years in prison for crimes he did not commit.  Plaintiff claims that on August 3, 2009, the
13   Nevada Supreme Court reversed his conviction and remanded his case back for trial.

14   Plaintiff alleges a violation of his Fourth Amendment right against illegal search and
15   seizures, racial discrimination, and Fourteenth Amendment right to due process of law.  Plaintiff
16   believes that he is entitled to $15 million in compensatory damages for the Fourth Amendment
17   violation and $15 million for the racial discrimination by the officers.  Plaintiff alleges that he and
18   his children suffered mental, emotional and physical stress from this incident.  Plaintiff further
19   claims that his parents passed away while he was in prison, and he was not allowed to bury them
20   due to his incarceration.

21                                          **DISCUSSION**

22   **I.    Screening the Complaint**

23   Federal courts must conduct a preliminary screening in any case in which a prisoner seeks
24   redress from a governmental entity or officer or employee of a governmental entity.  *See* 28 U.S.C.
25   § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that
26   are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary
27   relief from a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915A(b)(1),(2).
28   . . .

2

1    In addition to the screening requirements under § 1915A, pursuant to the PLRA, a federal

2    court must dismiss a prisoner's claims, "if the allegation of poverty is untrue," if the action "is

3    frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary

4    relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of

5    a complaint for failure to state a claim upon which relief may be granted is provided for in Federal

6    Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under Section 1915(e)(2)

7    when reviewing the adequacy of a complaint or amended complaint.

8         Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See*

9    *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure

10   to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support

11   of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th

12   Cir. 1999). In making this determination, the Court takes as true all allegations of material fact

13   stated in the complaint, and the Court construes them in the light most favorable to the plaintiff.

14   *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint

15   are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*,

16   449 U.S. 5, 9 (1980); *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While the

17   standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide

18   more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955,

19   1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*,

20   *see Papasan v. Allain*, 478 U.S. 265, 286 (1986).

21        All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the

22   prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal

23   conclusions that are untenable (e.g. claims against defendants who are immune from suit or claims

24   of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful

25   factual allegations (e.g. fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319,

26   327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Each of the

27   Plaintiff's arguments will be addressed further below.

28   . . .

## II.     Instant Complaint

Plaintiff alleges claims of an illegal search and seizure, racial discrimination and violation of his due process rights. To have a Section 1983 claim for a deprivation of civil rights, the Plaintiff must establish: 1) a person; 2) acting under the color of the law; 3) deprived the plaintiff of a fundamental civil right afforded to him by law. *L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992).

The Supreme Court has held that in order for a § 1983 action to be viable, the plaintiff's claim cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus. *See Heck v.. Humphrey*, 512 U.S. 477, 484 (1994).  In order for the *Heck* doctrine to prevent the continuation of the complaint, there must be a conviction or present action against the plaintiff. *Id.*; *Rodriguez v. City of Salinas*, 2011 WL 62500, 4 (N.D. Cal. 2011).  In the instant case, Plaintiff has provided the Court with documentation regarding his previous conviction and reversal by the Nevada Supreme Court.  (*See Amended Complaint (#16)*, Order of Reversal at 10.)  It appears that on remand the Eighth Judicial District Court dismissed the charges against Plaintiff.  Therefore, the *Heck* doctrine would not prevent this action from proceeding, as there seems to be no pending criminal actions against Plaintiff and his conviction was reversed.

### A.     Defendants

Plaintiff alleges in his Amended Complaint (#16) claims against Robert Martinez (both in his individual and official capacity), as well as the LVMPD.  Plaintiff included several other officers in his original Complaint (#1-1) that were not named in this Amended Complaint (#16). The Court has informed Plaintiff several times that any amended complaint must be complete in itself.  Thus, Plaintiff's failure to name the other officers in his Amended Complaint (#16) effectively dismissed those officers from this action.  Should Plaintiff choose to add additional parties to this action, a motion to amend the complaint may be filed in accordance with Fed. Rule Civ. Procedure 15(a).

. . .

4

The Plaintiff alleges claims against Officer Martinez in both individual and representative capacity.  The Supreme Court has held that state officials sued in their official capacity are not considered persons for the purposes of §1983; therefore, the claims against Officer Martinez under his official capacity may not proceed.  *Arizonians for Official English v. Arizona*, 520 U.S. 42, 69 n.24 (1997).

"[T]he language of § 1983... compels the conclusion that Congress did not intend municipalities to be held liable unless action pursuant to official municipal policy of some nature caused a constitutional tort." *Monell v. Department of Social Services*, 436 U.S. 658, 691 (1978).  In other words, to support a §1983 claim against a municipality, a plaintiff must offer evidence of both the existence of a constitutional violation, and a policy or municipal responsibility for that violation. *Id.*  The Plaintiff may demonstrate municipality liability in three ways: 1) an entity with decision making authority within the municipality expressly enacted the policy that led to the injury; 2) the action was part of a custom of the agency; or 3) the violation was the result of inadequate training.  *Board of County Com's of Bryan County, Okl. v. Brown*, 520 U.S. 397, 404 (1997).  Further, establishing that conduct is "properly attributable to the municipality" is not enough to establish a claim. *Id.* at 404-07. "The plaintiff must also demonstrate that, through its deliberate conduct, the municipality was the "moving force" behind the injury alleged." *Id.*  Here, the Plaintiff did not offer any facts regarding the LVMPD's role in his alleged constitutional violations.  The Court therefore finds that Plaintiff has failed to state sufficient facts to support a claim against LVMPD.  Therefore, the only remaining Defendant in this action is Officer Martinez in his individual capacity.

### B.      Fourth Amendment Illegal Search and Seizure Claim

The Plaintiff alleges that Officer Martinez entered his home without a warrant, violating his Fourth Amendment right to be free from illegal search and seizure.  "A search and/or seizure of evidence which fails to conform to Fourth Amendment standards may give rise to an action under section 1983." *Stageymeyer v. County of Dawson*, 192 F.Supp.2d 998, 1007.  The Fourth Amendment provides that a person has the right to be free from unreasonable government intrusion. *Graham v. Connor*, 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

5

1   Warrantless searches of a home are presumed to be per se unreasonable; however, they are not

2   considered to be irrefutable.  *Payton v. New York*, 445 U.S. 573, 590, 100 S.Ct. 1371 (1980);

3   *Hopkins v. Bonvincio*, 573 F.3d 752, 763 (9th Cir. 2009).  To establish a Fourth Amendment claim

4   for an illegal search and seizure, the Plaintiff must provide that 1) the officer's actions were

5   unreasonable, and 2) their private interest supersedes the government's interest.  *Richardson v. City*

6   *of Antioch*, 722 F.Supp. 2d 1133, 1139 (N. D. Cal. 2010).

7         Here, the Plaintiff claims that Officer Martinez, acting under the color of the law, deprived

8   him of his Fourth Amendment right to be free from unreasonable search and seizure.  Plaintiff

9   asserts that the Defendant came into his home without obtaining consent or a warrant.  After the

10   officers entered, Plaintiff's girlfriend gave the officers consent to search the house.  The Nevada

11   Supreme Court however found that the girlfriend's consent was tainted, as the officers had illegally

12   entered the home prior to obtaining the consent.  (*See Amended Complaint (#16)*, Order of Reversal

13   at 10.)  Because the consent was invalid and the officers did not have a warrant when they

14   conducted the search, the search of Plaintiff's home appears to be in violation of the Fourth

15   Amendment.  Therefore, the Court finds that the facts alleged are sufficient to state a claim for

16   relief under the Fourth Amendment.

17         **C.      Fourteenth Amendment Due Process**

18         The Plaintiff alleges that Officer Martinez violated his Fourteenth Amendment right to

19   procedural due process.  To have a claim under §1983 for a due process of law deprivation, the

20   plaintiff must establish that the defendant deprived him of a property or liberty interest entitled to

21   him by law or found under the United States Constitution. *Crowe v. County of San Diego*, 242 F.

22   Supp.2d 740, 748 (9th Cir.2003). "In order to invoke the protection of the Due Process Clause, a

23   plaintiff must first establish the existence of a liberty interest for which the protection is sought."

24   *Tyler v. Coggins*, 2012 WL 1074946, 1 (E.D. Cal. 2012) (holding that a plaintiff must first

25   establish a liberty interest for a claim of right to be found).  Next, the plaintiff must assert that the

26   defendant's conduct deprived him of that liberty interest. *Id.*  The range of the interests protected by

27   the Due Process Clause is not unlimited or unrestrained. *Board of Regents of State Colleges v.*

28   *Roth*, 408 U.S. 564, 569-70 (1972).  Once an interest is established the court is required to consider

the nature of the liberty interest and "balance[e] the weight of the interests involved." *Id.* at 570. To state a claim for relief the Plaintiff must assert a cognizable factual basis indicating the defendant deprived him of a liberty interest. *Tyler*, 2012 WL 1074946 at 1.

Here, neither prong of the due process test is supported by the facts. Plaintiff did not allege that Officer Martinez deprived him of any liberty interest, nor did he indicate any liberty interest was owed to him under the circumstances. Plaintiff simply stated that he was deprived of his due process rights and did not indicate how or by whom. Therefore, Plaintiff has failed to state a claim for relief under the Fourteenth Amendment due process clause.

### D.    Fourteenth Amendment Equal Protection Claim

The Plaintiff alleges a racial discrimination claim against Officer Martinez, which is purported to be an equal protection deprivation under the Fourteenth Amendment. Plaintiff must prove that the officer's conduct (1) had a discriminatory effect and (2) was motivated by a discriminatory purpose. *Bradley v. U.S.*, 299 F.3d 197, 205-06 (3d Cir. 2002). To demonstrate a discriminatory effect, Plaintiff must prove that he "is a member of a protected class and that [he] was treated differently from similarly situated individuals in an unprotected class." *Id.* at 206; *see, e.g., Waiters v. Hudson County Correctional Center, Civ. No. 07-421*, 2010 WL 1838468, at *4 (D. N.J. May 05, 2010) (holding that because the plaintiff was of African-American descent, she was a "member of a protected class by virtue of her race and of her ancestry"). "Under this theory of equal protection, the plaintiff must show that the defendants' actions were a result of the plaintiff's membership in a suspect class, such as race." *Gonzales v. California Dept. of Mental Health*, 2009 WL 224050, 5 (E.D. Cal. 2009).

However, mere invocation of the phrase "racial discrimination" without more, is simply a legal conclusion, not a factual basis for a claim. The Court must disregard such legal conclusions and examine any facts alleged by Plaintiff that would form a plausible factual basis for that conclusion. *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009). *See, e.g., Pace Resources, Inc. v. Shrewsbury Tp.*, 808 F.2d 1023, 1026 (3d Cir.1987) (holding that conclusory allegations regarding similarly-situated individuals are insufficient to state a claim); *Fisher v. Vassar College*, 70 F.3d 1420, 1439 (2d Cir.1995) (noting that a plaintiff's "sense of being discriminated against" is

1    insufficient to demonstrate discrimination).

2         In this case, Plaintiff, an African American male, alleges that Officer Martinez only entered

3    his home because of his race.  Plaintiff claims that the officers knocked on the doors of other

4    "white" homes, but did not enter those homes because the suspect that they were looking for was a

5    black man.  Plaintiff further alleges that upon seeing a black boy at his home, the officers entered

6    without a warrant or valid consent to search. Plaintiff contends that the officers forced him outside

7    of the home in his boxer shorts at gunpoint only because of his race.  Plaintiff has alleged facts

8    sufficient to demonstrate a discriminatory effect and that his treatment was dissimilar to those in

9    the unprotected class.  Taking all of Plaintiff's statements as true and viewing them in a light most

10   favorable to Plaintiff, the Court finds Plaintiff has sufficiently stated a claim under the equal

11   protection clause of the Fourteenth Amendment.

12        On May 1, 2012, the Court received a letter from the Clark County Detention Center,

13   informing the Court that Plaintiff is no longer in their custody, so they are unable to debit Plaintiff's

14   account to pay for the filing fee.  Upon review, Plaintiff is currently incarcerated in the Nevada

15   Southern Correctional Center.  The Court will therefore send a copy of this order to the Nevada

16   Southern Correctional Center so Plaintiff's account can be properly debited.  Accordingly,

17        **IT IS HEREBY ORDERED** that Plaintiff may proceed on the following claims:  illegal

18   search and seizure under the Fourth Amendment and racial discrimination under the equal

19   protection clause of the Fourteenth Amendment.

20        **IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the

21   named defendant(s) herein, and deliver same to the U.S. Marshal for service.  Plaintiff shall have

22   twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285.  Within

23   twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing

24   whether service has been accomplished, Plaintiff must file a notice with the Court identifying

25   which defendant(s) were served and which were not served, if any.  If Plaintiff wishes to have

26   service again attempted on an unserved defendant(s), then a motion must be filed with the Court

27   identifying the unserved defendant(s) and specifying a more detailed name and/or address for said

28   defendant(s), or whether some other manner of service should be attempted.  Pursuant to Rule 4(m)

of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the Complaint was filed.

**IT IS FURTHER ORDERED** that, after the defendant(s), or counsel for the defendant(s), make an appearance in this action, Plaintiff must serve upon defendant(s) or their counsel if counsel has appeared, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant(s) or his counsel. The court may disregard any paper that does not include a certificate of service.

**IT IS FURTHER ORDERED** that, henceforth, any paper submitted to the court by Plaintiff shall be submitted to the Clerk's office for filing. The court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Accounting and Finance Department for the Nevada Southern Desert Correctional Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #46286-048), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of Chief of Inmate Services for the Nevada Southern Detention Center, 2190 East Mesquite Ave., Pahrump, Nevada 89060.

## **RECOMMENDATION**

**IT IS HEREBY RECOMMENDED** that Plaintiff's claim against the Las Vegas Metropolitan Police Department and Plaintiff's Fourteenth Amendment due process claim be dismissed with prejudice as Plaintiff has failed to state a claim upon which relief can be granted.

## **NOTICE**

Pursuant to Local Rule IB 3-2, any objection to this Finding and Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Supreme Court has held that the courts of appeal may determine that an appeal has been waived due to the failure to

file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985).  This circuit has also held that (1) failure to file objections within the specified time and (2) failure to properly address and brief the objectionable issues waives the right to appeal the District Court's order and/or appeal factual issues from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).

DATED this 5th day of June, 2012.


_____
GEORGE FOLEY, JR.
United States Magistrate Judge

10