# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| TRACEY L. BROWN, | |
| Plaintiff, | Case No. 2:12-cv-00173-JCM-GWF |
| vs. | **ORDER AND RECOMMENDATION** |
| ROBERT MARTINEZ, *et al.*, | Screening of Amended Complaint (#35) |
| Defendants. | |

This matter comes before the Court on Plaintiff's Amended Complaint (#35), filed on September 17, 2012. Plaintiff filed a Motion (#31) for leave to amend his previous Complaint to correct certain defendants' names, which the Court granted (#34) on September 11, 2012. The instant Amended Complaint (#35) followed. The relevant factual background has been set forth in the Court's previous screening Order (Doc. #18 at 1:20-2:20) and is incorporated in this Order. The Court finds through preliminary screening that the Plaintiff's Fourteenth Amendment equal protection claim and Fourth Amendment illegal search and seizure claim against Las Vegas Metropolitan Police ("LVMPD") Officers Martines, Buczek, Torsky, and Brown may proceed, as they sufficiently state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)

## DISCUSSION

### I.   Screening the Complaint

Federal courts must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review, the Court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek

monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. § 1915A(b)(1), (2).

In addition to the screening requirements under § 1915A, under the PLRA, a federal court must dismiss a prisoner's claims "if the allegation of poverty is untrue," if the action "is frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2). Dismissal of a complaint for failure to state a claim upon which relief may be granted is provided for in Federal Rule of Civil Procedure 12(b)(6), and the Court applies the same standard under § 1915(e)(2) when reviewing the adequacy of a complaint or amended complaint.

Review under Fed. R. Civ. P. 12(b)(6) is essentially a ruling on a question of law. *See Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 723 (9th Cir. 2000). Dismissal for failure to state a claim is proper only if it is clear that the plaintiff cannot prove any set of facts in support of the claim that would entitle him or her to relief. *See Morley v. Walker*, 175 F.3d 756, 759 (9th Cir. 1999). In making this determination, the Court takes as true all allegations of material fact stated in the complaint, and the Court construes them in the light most favorable to the plaintiff. *See Warshaw v. Xoma Corp.*, 74 F.3d 955, 957 (9th Cir. 1996). Allegations in a pro se complaint are held to less stringent standards than formal pleadings drafted by lawyers. *See Hughes v. Rowe*, 449 U.S. 5, 9 (1980); *see also Haines v. Kerner*, 404 U.S. 519, 520-21 (1972) (per curiam). While the standard under Rule 12(b)(6) does not require detailed factual allegations, a plaintiff must provide more than mere labels and conclusions. *Bell Atlantic Corp. v. Twombly*, 127 S.Ct. 1955, 1964-1965 (2007). A formulaic recitation of the elements of a cause of action is insufficient. *Id.*, *see also Papasan v. Allain*, 478 U.S. 265, 286 (1986).

All or part of a complaint filed by a prisoner may therefore be dismissed *sua sponte* if the prisoner's claims lack an arguable basis either in law or in fact. This includes claims based on legal conclusions that are untenable (e.g., claims against defendants who are immune from suit or claims of infringement of a legal interest which clearly does not exist), as well as claims based on fanciful factual allegations (e.g., fantastic or delusional scenarios). *See Neitzke v. Williams*, 490 U.S. 319, 327-28 (1989); *see also McKeever v. Block*, 932 F.2d 795, 798 (9th Cir. 1991). Each of Plaintiff's

claims are addressed below.

## II.      Instant Complaint

Plaintiff alleges claims of an illegal search and seizure, racial discrimination, and violation of his due process rights.  To proceed on § 1983 claims for civil rights violations, Plaintiff must establish that (1) a person; (2) acting under the color of the law; (3) deprived him of a fundamental civil right afforded to him by law.  *See L.W. v. Grubbs*, 974 F.2d 119, 120 (9th Cir. 1992).

For a § 1983 action to be viable, a plaintiff's claim cannot be used to collaterally attack a criminal conviction unless the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such a determination, or called into question by a federal court's issuance of a writ of habeas corpus.  *See Heck v. Humphrey*, 512 U.S. 477, 484 (1994).  As explained in the Court's previous screening Order (#18 at 4:10-18), *Heck* does not prevent this action from proceeding.

### A.      Defendants

Plaintiff alleges claims against LVMPD Officers Gordon Martines, Gary Torsky, James Buczek, and Anthony Brown ("Officers") (both in their individual and official capacities), as well as the LVMPD.  State officials in their official capacity are not considered persons for the purposes of §1983.  *See Arizonans for Official English v. Arizona*, 520 U.S. 42, 69 n.24 (1997).  Therefore, Plaintiff's claims against the Officers in their official capacities may not proceed.  Furthermore, for the same reasons set forth in the Court's June 5, 2012 Order (#18 at 5:6-21), the Court finds Plaintiff has failed to state sufficient facts to support a claim against LVMPD.

### B.      Fourth Amendment and Fourteenth Amendment Equal Protection Claims

Plaintiff alleges that the Officers entered his home without a warrant, violating his Fourth Amendment right to be free from illegal search and seizure. Plaintiff also alleges the Officers subjected him to racial discrimination in violation of the Fourteenth Amendment.  Here, Plaintiff re-alleges the substance of the Fourth and Fourteenth Amendment claims in Plaintiff's previously-screened Complaint (#16).  Therefore, for the reasons set forth in the previous screening Order (#18 at 5:22-6:16, 7:9-8:16), the Court finds that Plaintiff has alleged sufficient facts to state claims for relief under the Fourth and Fourteenth Amendments.

### C.     Fourteenth Amendment Due Process Claim

Plaintiff alleges that the Officers violated his Fourteenth Amendment right to procedural due process. To bring a § 1983 claim for a violation of due process, Plaintiff must establish that the Officers deprived him of property or a liberty interest to which he was entitled under law or the United States Constitution. *See Crowe v. County of San Diego*, 242 F.Supp.2d 740, 748 (9th Cir. 2003). As in his previously-screened Complaint (#18), here Plaintiff merely states in a conclusory fashion that he was deprived of his due process rights. Therefore, for the reasons set forth in the previous screening Order (#18 at 6:18-7:8), the Court finds Plaintiff has failed to allege facts sufficient to state a claim for relief under the Fourteenth Amendment due process clause. Furthermore, because Plaintiff has now twice failed to allege facts sufficient to support his due process claim, this Court recommends that the claim be dismissed with prejudice. The Court cautions Plaintiff that motions for leave to further amend his Compliant will only delay the resolution of this matter. Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff may proceed on the following claims: illegal search and seizure under the Fourth Amendment and racial discrimination under the equal protection clause of the Fourteenth Amendment.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall issue summons to the named defendants herein, and deliver same to the U.S. Marshal for service. Plaintiff shall have twenty (20) days in which to furnish to the U.S. Marshal the required Forms USM-285. Within twenty (20) days after receiving from the U.S. Marshal a copy of the Form USM-285 showing whether service has been accomplished, Plaintiff must file a notice with the Court identifying which defendant(s) were served and which were not served, if any. If Plaintiff wishes to have service again attempted on an unserved defendant(s), then a motion must be filed with the Court identifying the unserved defendant(s) and specifying a more detailed name and/or address for said defendant(s), or whether some other manner of service should be attempted. Pursuant to Rule 4(m) of the Federal Rules of Civil Procedure, service must be accomplished within one hundred twenty (120) days from the date that the Complaint was filed.

. . .

**IT IS FURTHER ORDERED** that, after the defendant(s), or counsel for the defendant(s), make an appearance in this action, Plaintiff must serve upon defendant(s) or their counsel if counsel has appeared, a copy of every pleading, motion, or other document submitted for consideration by the court. Plaintiff shall include with the original paper submitted for filing a certificate stating the date that a true and correct copy of the document was mailed to the defendant(s) or counsel. The court may disregard any paper that does not include a certificate of service.

**IT IS FURTHER ORDERED** that, henceforth, any paper submitted to the Court by Plaintiff shall be submitted to the Clerk's office for filing. The court may disregard any paper received by a District Judge or Magistrate Judge that has not been filed with the Clerk.

**IT IS FURTHER ORDERED** that, pursuant to 28 U.S.C. § 1915(b)(2), the Accounting and Finance Department for the Nevada Southern Desert Correctional Center shall pay to the Clerk of the United States District Court, District of Nevada, 20% of the preceding month's deposits to Plaintiff's account (inmate #46286-048), in the months that the account exceeds $10.00, until the full $350 filing fee has been paid for this action. The Clerk of the Court shall send a copy of this Order to the Finance Division of the Clerk's Office. The Clerk shall also send a copy of this Order to the attention of Chief of Inmate Services for the Nevada Southern Detention Center, 2190 East Mesquite Ave., Pahrump, Nevada 89060.

## RECOMMENDATION

**IT IS HEREBY RECOMMENDED** that Plaintiff's claims against the Las Vegas Metropolitan Police Department and Plaintiff's Fourteenth Amendment due process claim be **dismissed with prejudice** as Plaintiff has failed to state a claim upon which relief can be granted.

## NOTICE

Under Local Rule IB 3-2, any objection to this Recommendation must be in writing and filed with the Clerk of the Court within fourteen (14) days. The Ninth Circuit Court of Appeals may determine that an appeal has been waived due to the failure to file objections within the specified time. *Thomas v. Arn*, 474 U.S. 140, 142 (1985). This Circuit has also held that (1) failure to file objections within the specified time or (2) failure to properly address and brief the

1  objectionable issues waives the right to appeal the District Court's order or appeal factual issues
2  from the order of the District Court.  *Martinez v. Ylst,* 951 F.2d 1153, 1157 (9th Cir. 1991); *see also*
3  *Britt v. Simi Valley United Sch. Dist.*, 708 F.2d 452, 454 (9th Cir. 1983).
4      DATED this 1st day of November, 2012.

                                                 _____
                                                 GEORGE FOLEY, JR.
                                                 United States Magistrate Judge