UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| TRACEY L. BROWN,<br><br>             Plaintiff,<br><br>v.<br><br>ROBERT MARTINEZ, et al.,<br><br>             Defendants. | 2:12-CV-173 JCM (GWF) |

**ORDER**

Presently before the court is plaintiff's motion for status check regarding his amended complaint. (Doc. # 36).

Also before the court is the report and recommendation of Magistrate Judge Foley. (Doc. # 37).

Also before the court is plaintiff's motion for leave to file a second amended complaint. (Doc. # 39).

Also before the court is plaintiff's objections pursuant to local rule IB 3-1 or, alternatively, motion for the district judge to reconsider the report and recommendation. (Doc. # 41).[1]

. . .

---

[1] The two motions that are document numbers 39 and 41 are identical documents/motions. The document was filed as a single motion and the clerk's office split the document into two separate motions.

**James C. Mahan**
**U.S. District Judge**

## I.   Background

Plaintiff filed the instant lawsuit alleging certain constitutional violations against the Las Vegas Metropolitan Police Department ("LVMPD") and some of its officers. Plaintiff claims that LVMPD officers entered his home on August 15, 2005, without permission and conducted an illegal search of his home.

Plaintiff alleges that officers were looking for a black male that committed a robbery. The officers allegedly knocked on several doors looking for the suspect, but upon learning that white individuals resided at the home the officers did not enter the home. Plaintiff alleges that the when the officers knocked on his door, his 6-year-old son, who is black, opened the door. Plaintiff claims that officers immediately barged inside without permission, probable cause, or a search warrant.

Plaintiff alleges, among other things, that officers used fraudulent and/or illegal evidence found in his home in addition to lying or providing misleading testimony at the his trial to convict him of various state criminal charges. Plaintiff was found guilty at trial in December 2007. In January 2008, plaintiff was sentenced to ten years to life imprisonment. In late 2009, after being incarcerated for close to five years, the Nevada Supreme Court overturned plaintiff's conviction and ruled as a matter of law that plaintiff's constitutional rights were violated.

## II.   Complaint and Report and Recommendation

Based on the above facts, *pro se* plaintiff filed an application to proceed *in forma pauperis* along with filing a complaint alleging certain constitutional violations. The magistrate judge conducted a screening pursuant to 28 U.S.C. § 1915A. The magistrate permitted plaintiff to amend his complaint on two occasions. In the most recent report and recommendation, magistrate judge recommended that the following claims be permitted to proceed forward: (1) illegal search and seizure under the Fourth Amendment; and (2) racial discrimination under the equal protection clause of the Fourteenth Amendment.

Plaintiff did not file objections to the report and recommendation before the deadline date. However, within one month of the deadline for filing the objections, legal counsel appeared on behalf of plaintiff. Counsel, on behalf of plaintiff, filed the motion to file a second amended

1  complaint and the motion to reconsider the report and recommendation.

2  **III.    Discussion**

3      Plaintiff, now represented by counsel, seeks relief under two separate federal rules. The court
4  will address each in turn.

5      *A.    Reconsider*

6      First, plaintiff seeks relief pursuant to Federal Rule of Civil Procedure 60(b). "Rule 60(b)
7  provides that a court 'may relieve a party or its legal counsel representative from a final judgment,
8  order, or proceeding' on the basis of . . . excusable neglect." *Ahanchian v. Xenon Pictures, Inc.*, 624
9  F.3d 1253, 1260 (9th Cir. 2010) (quoting Fed. R. Civ. P. 60(b)(1)). "Excusable neglect
10 'encompass[es] situations in which the failure to comply with a filing deadline is attributable to
11 negligence,' . . . and includes 'omissions caused by carelessness[.]'" *Lemoge v. United States*, 587
12 F.3d 1188, 1192 (9th Cir. 2009) (quoting *Pioneer Inv. Servs. Co. v. Brunswick Assocs. Ltd. P'ship.*,
13 507 U.S. 380, 394 (1993)).

14     "To determine whether a party's failure to meet a deadline constitutes 'excusable neglect,'
15 courts must apply a four-factor equitable test, examining: (1) the danger of prejudice to the opposing
16 party; (2) the length of the delay and its potential impact on the proceedings (3) the reason for the
17 delay; and, (4) whether the movant acted in good faith." *Ahanchian*, 624 F.3d at 1261.

18

19     After considering the *Ahanchian* factors, the court finds excusable neglect exists to
20 reconsider the report and recommendation under the new circumstances. Plaintiff was incarcerated
21 at the time the magistrate judge issued the report and recommendation. Plaintiff communicated with
22 family members who in turn found and communicated with counsel. Counsel for plaintiff filed the
23 objections to the report and recommendation, or alternatively, a motion to reconsider the magistrate
24 judge's report and recommendation, less than a month after the deadline date to file objections
25 expired. The court finds good cause exists to consider plaintiff's objections.

26 . . .

27 . . .

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

    *B.*    *Amend*

Federal Rule of Civil Procedure 15(a)(2) states that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "[T]his policy is to be applied with extreme liberality." *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 712 (9th Cir. 2001).

The magistrate judge correctly identified several deficiencies in *pro se* plaintiff's complaint and amended complaint. In the second amended complaint, counsel for plaintiff now seeks to correct the deficiencies identified by the magistrate judge. The court finds that Rule 15(a)(2) permits plaintiff leave to amend the complaint. The court further finds that no defendants will suffer any prejudice because no defendant has been served in this case. Plaintiff shall file the amended complaint attached to the motion within ten days of this order.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, DECREED that plaintiff's motion requesting status check of the amended complaint (doc. # 36) be, and the same hereby, is DENIED as moot.

IT IS FURTHER ORDERED that the report and recommendation of Magistrate Judge Foley (doc. # 37) be, and the same hereby, is ADOPTED in part and REJECTED in part in terms not inconsistent with this order.

IT IS FURTHER ORDERED that plaintiff's motion for leave to file second amended complaint (doc. # 39) be, and the same hereby, is GRANTED. Plaintiff shall file the second amended complaint attached to the motion within ten days of this order.

IT IS FURTHER ORDERED that plaintiff's objections pursuant to local rule IB 3-1, or, alternatively, motion for district judge to reconsider the report and recommendation (doc. # 41) be, and the same hereby, is GRANTED consistent with foregoing.

DATED May 14, 2013.

                                                                */s/ James C. Mahan*
                                        UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**

- 4 -