1
2
3
4
5

**UNITED STATES DISTRICT COURT**

6

**DISTRICT OF NEVADA**

7
8

TRACEY L. BROWN,

2:12-CV-173 JCM (GWF)

9

        Plaintiff,

10

v.

11

ROBERT MARTINEZ, et al.,

12

        Defendants.

13
14

**ORDER**

15        Presently before the court is a motion to dismiss filed by defendants the Las Vegas

16  Metropolitan Police Department ("LVMPD"), Douglas C. Gillespie, and Gary Torsky (doc. # 54),

17  in which defendant James Buczek joined (doc. # 57) (collectively "defendants"). Plaintiff Tracey L.

18  Brown has filed a response in opposition (doc. # 60)[1], to which defendants have replied (doc. # 63).

19  **I.      Background**

20        In his second amended complaint, plaintiff alleges that various LVMPD officers entered his

21  home on August 15, 2005, without permission and conducted an illegal search of his home. (Doc.

22  # 43). Plaintiff alleges that the officers were looking for a black male robbery suspect. The officers

23  allegedly knocked on several doors looking for the suspect, but upon learning that white individuals

24  resided at the home, the officers did not enter the home.

25        Allegedly, when the officers knocked on plaintiff's door, his 6-year-old son, who is black,

26  _____

27        [1] Plaintiff's opposition contains a motion to enlarge time to serve other defendants. Pursuant to District of
Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. The court cannot
28  consider plaintiff's request unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

1   opened the door. Plaintiff alleges that officers immediately barged inside without permission,

2   probable cause, or a search warrant. Plaintiff further alleges, *inter alia*, that the officers used

3   fraudulent and/or illegal evidence found in his home, in addition to lying or providing misleading

4   testimony at his state trial, to convict him of various state criminal charges.

5        In December 2007, a jury found plaintiff guilty at his state trial. On August 3, 2009, the

6   Nevada Supreme Court reversed that conviction, finding that the consent given by plaintiff's

7   girlfriend "was not sufficiently an act of free will to purge the taint of the unlawful entry." (*See* doc.

8   # 54, Exhibit B). Plaintiff ultimately entered a plea to a robbery charge on April 13, 2010, and a final

9   judgment of conviction was entered on May 7, 2010.

10       On February 2, 2012, plaintiff, acting *pro se*, commenced the instant lawsuit alleging

11   constitutional violations against the LVMPD and its various officers. (Doc. # 1-1). On December 10,

12   2012, plaintiff, represented by counsel, filed a motion for leave to file a second amended complaint.

13   (Doc. # 39). On May 14, 2013, this court entered an order adopting in part and rejecting in part the

14   report and recommendation of Magistrate Judge Foley. (Doc. # 42). In that order, the court granted

15   plaintiff's motion to file a second amended complaint. Plaintiff was ordered to separately file the

16   proposed amended complaint within ten days of the issuance of that order.

17       Nearly ten months later, after finding no further docket activity, this court ordered plaintiff

18   to show cause as to why the case should not be dismissed on March 3, 2014. (Doc. # 44). On that

19   same day, plaintiff filed his second amended complaint. (Doc. # 43). On March 13, 2014, plaintiff

20   filed a response to the court's show cause order. (Doc. # 51).

21       In his second amended complaint, plaintiff alleges eight causes of action: (1) for violations

22   of his Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; (2) for illegal

23   search and seizure and due process violations under the Fourteenth Amendment and the Nevada

24   State Constitution; (3) for general race discrimination pursuant to 42 U.S.C. § 1981; (4) for

25   negligence and negligent hiring, training, and supervision under 42 U.S.C. § 1986; (5) for assault

26   and battery; (6) for false arrest, false imprisonment, and malicious prosecution; (7) for civil

27   conspiracy and abuse of process pursuant to 42 U.S.C. § 1985; and (8) for *respondeat superior*.

28

James C. Mahan
U.S. District Judge

- 2 -

1    (Doc. # 43). In his prayer for relief, plaintiff seeks various monetary damages. (Doc. # 43, p. 17).

2        In the instant motion, defendants seek dismissal to all of plaintiff's causes of action pursuant

3    to 12(b)(5) and 12(b)(6). The court will address each in turn.

4    **II.     Legal Standard**

5        A court may dismiss a complaint for "failure to state a claim upon which relief can be

6    granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain

7    statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*

8    *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual

9    allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements

10   of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

11       "Factual allegations must be enough to raise a right to relief above the speculative level."

12   *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient

13   factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678

14   (citation omitted).

15       In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when

16   considering motions to dismiss. First, the court must accept as true all well-pled factual allegations

17   in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79.

18   Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not

19   suffice. *Id.* at 678.

20       Second, the court must consider whether the factual allegations in the complaint allege a

21   plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint

22   alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the

23   alleged misconduct. *Id.* at 678.

24       Where the complaint does not permit the court to infer more than the mere possibility of

25   misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*

26   (internal quotations omitted). When the allegations in a complaint have not crossed the line from

27   conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1    The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202,

2  1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth,

3  allegations in a complaint or counterclaim may not simply recite the elements of a cause of action,

4  but must contain sufficient allegations of underlying facts to give fair notice and to enable the

5  opposing party to defend itself effectively. Second, the factual allegations that are taken as true must

6  plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to

7  be subjected to the expense of discovery and continued litigation." *Id.*

8  **III.    Analysis**

9     *A.    Dismissal under 12(b)(5)*

10    Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120 days

11  after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must

12  dismiss the action without prejudice."

13    Plaintiff filed his second amended complaint on March 3, 2014. (Doc. # 43). Defendants the

14  LVMPD, Gillespie, and Torsky were served on March 7, 2014 and defendant Buczek was served on

15  April 8, 2014. This is well within 120 days.

16    Accordingly, these defendants were served within 120 days in accordance with Rule 4(m)

17  and defendants' motion to dismiss will be denied as it pertains to 12(b)(5).

18     *B.    Statute of limitations*

19    "Federal law determines when a cause of action accrues and the statute of limitations begins

20  to run for a § 1983 claim." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991).

21  Generally, a claim accrues when a plaintiff knows, or should know, of the injury on which the cause

22  of action is based. *Id.*

23    However, the Ninth Circuit recently clarified "our law on when a released prisoner's cause

24  of action for constitutional violations accrues, and when the statute of limitations begins to run."

25  *Rosales-Martinez v. Palmer*, — F.3d —, Dkt. No. 12-15077, 2014 WL 2462557, at *1 (9th Cir. June

26  3, 2014) (applying Nevada law). In *Rosales-Martinez*, the plaintiff alleged that "he was unlawfully

27  convicted and imprisoned as a result of violations of his constitutional rights." *Id*. Rosales-Martinez

28

**James C. Mahan**
**U.S. District Judge**

- 4 -

alleged that "the Nevada state court recognized the constitutional error, granted his petition for a writ of habeas corpus, and ordered him free." *Id*. The district court dismissed Rosales-Martinez's action as time-barred, reasoning that the accrual date was when he learned of the violation and two years had passed since that date. *Id*. Reversing and remanding the district court's holding, the Ninth Circuit Court explained that "[p]ursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), [plaintiff's] cause of action did not accrue until his conviction was held invalid." *Id*. The Ninth Circuit concluded that the statute of limitations for a prisoner to bring a § 1983 action commenced when the state court vacated his convictions. *Id*. at *6.

Here, plaintiff argues that the accrual date for his action is either April 3, 2010, when his plea was entered, or May 7, 2010, when final judgment was entered. In response, defendants argue that the accrual date is either August 15, 2005, the date of the alleged incident, or August 3, 2009, the date of plaintiff's reversal.

Defendants are correct in part. The statute of limitations for plaintiff's claims accrued on August 3, 2009, when the Nevada Supreme Court reversed his conviction. *See Jackson v. Barnes*, 749 F.3d 755, 759 (9th Cir. 2014) (holding that a prisoner's claim for relief based on an unlawful sentence does not accrue until his sentence was invalidated, necessarily a later date than when he learned of the unlawful actions). "A case is deemed to be commenced when the complaint is filed." *Chachas v. City of Ely, Nev.*, 615 F. Supp. 2d 1193, 1203 (Nev. 2009) (citing *Perez*, 869 F.2d at 426). Plaintiff filed his initial complaint on February 2, 2012.

(1)    42 U.S.C. § 1983 - first and second causes of action

"The length of the limitations period for § 1983 actions is governed by state law." *Jones v. Blanas,* 393 F.3d 918, 927 (9th Cir. 2004). "[Section] 1983 claims are best characterized as personal injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Under Nevada law, the statute of limitations for personal injury claims is two years. *See* NRS 11.190(4)(e); *Perez v. Seevers*, 869 F.2d 425, 426 (9th Cir. 1989).

. . .

. . .

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Applying Nevada's two-year statute of limitations, plaintiff had until August 3, 2011, to file

2    his § 1983 claims. Plaintiff filed his initial complaint on February 2, 2012, approximately six months

3    after the statute of limitations ran.

4    Accordingly, plaintiff's claims under his first and second causes of action are time-barred and

5    the motion to dismiss will be granted as to those claims.

6         (2)    42 U.S.C. § § 1985 and 1986 - fourth and seventh causes of action

7    "Claims brought pursuant to § 1985 are likewise governed by the statute of limitations for

8    personal injury actions, and as such the statute of limitations for such claims is two years." *Chachas*,

9    615 F. Supp. 2d at 1202-03 (citing *McDougal v. Cnty. of Imperial*, 942 F.3d 688, 673-74 (9th Cir.

10   1991)). "The statute of limitations for § 1986 claims is one year." *Id.* at 1203; 42 U.S.C. § 1986.

11   Plaintiff's §§ 1985 and 1986 claims became time-barred on August 3, 2011, and August 3,

12   2010, respectively. Alternatively, these claims are also barred because the absence of a claim under

13   § 1983 precludes a conspiracy claim under § 1985 predicated on the same allegations. *See Caldeira

14   v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). "A claim can be stated under [§] 1986 only

15   if the complaint contains a valid claim under [§] 1985." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d

16   621, 626 (9th Cir. 1988).

17   Accordingly, the motion to dismiss will be granted as to the claims under plaintiff's fourth

18   and seventh causes of action.

19        (3)    Nevada law - fifth and sixth causes of action

20   Nevada's statute of limitations for "assault, battery, [or] false imprisonment" is two years.

21   *See* NRS 11.190(4)(c).

22   Plaintiff argues that the statute of limitations on false imprisonment is subject to a distinctive

23   rule under *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), which states that "[l]imitations begin to

24   run against an action for false imprisonment when the alleged false imprisonment ends." Plaintiff

25   asserts that such date is when he entered his plea on April 3, 2010.

26   . . .

27   . . .

28

**James C. Mahan**
**U.S. District Judge**

1    However, *Wallace* also holds that "reflective of the fact that false imprisonment consists of

2    detention without legal process, a false imprisonment ends once the victim becomes held *pursuant*

3    *to such process*— when, for example, he is bound over by a magistrate or arraigned on charges." *Id.*

4    at 389 (emphasis in original) (citation omitted). In the present case, as plaintiff was arraigned on

5    September 26, 2005, his argument actually puts him further outside of the statute of limitations.

6    (Doc. # 54, Exhibit 1, p. 7).

7    Accordingly, plaintiff's claims under his fifth and sixth causes of action are time-barred and

8    the motion to dismiss will be granted as to those claims.

9    C.    *42 U.S.C. § 1981 (third cause of action)*

10    Section 1981 prohibits race discrimination in the making and enforcing of contracts. *See* 42

11    U.S.C. § 1981 ("All persons . . . shall have the same right in every State and Territory to make and

12    enforce contracts. . . ."). The allegations as set forth by the complaint have an abject lack of

13    relevance to § 1981, as the current controversy does not involve a contract.

14    Accordingly, the motion to dismiss will be granted as to this claim.

15    D.    *Respondeat superior (eighth cause of action)*

16    Plaintiff's eighth and final cause of action is one for *respondeat superior* for torts. (Doc. #

17    43, p. 16). The claim seeks to hold the LVMPD and Gillespie liable for the torts allegedly committed

18    by the various officers.

19    However, *respondeat superior* is a theory of attributing liability, and is not itself a stand-

20    alone claim for relief. Additionally, § 1983 does not permit *respondeat superior* liability. *See Monell*

21    *v. Dept. of Social Services*, 436 U.S. 658 (1978) (rejecting the concept of *respondeat superior*

22    liability in the § 1983 context and requiring individual liability for the constitutional violation).

23    Accordingly, the motion to dismiss will be granted as to this claim.

24    E.    *Equitable tolling*

25    Plaintiff argues that the statute of limitations should be tolled until April 13, 2010, when he

26    entered his plea. In response, defendants argue that equitable tolling is precluded based on the legal

27    doctrines enunciated in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

28

**James C. Mahan**
**U.S. District Judge**

- 7 -

1   Federal courts apply a forum state's law regarding tolling, including equitable tolling, when
2   not inconsistent with federal law. *See Hardin v. Straub*, 490 U.S. 536, 537-39 (1989); *Fink v.*
3   *Shedler*, 192 F.3d 911, 913-14 (9th Cir. 1999). A claimant bears a heavy burden in showing that
4   equitable tolling should apply. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth
5   Circuit has explained that courts should apply the equitable tolling doctrine narrowly, "lest the
6   exceptions swallow the rule." *Id*. at 1066. Equitable tolling "is appropriate only if extraordinary
7   circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id*. A
8   plaintiff bears the burden of showing that this extraordinary exclusion should apply to him. *Id*.
9   (citation omitted).

10   The court finds that plaintiff did not meet this burden. While plaintiff was held on the same
11   charges after the reversal of his conviction on August 3, 2009, he does not show that such
12   circumstances precluded him from filing the instant complaint.

13   **IV.     Conclusion**

14   In summary, plaintiff's first, second, fourth, fifth, sixth, and seventh causes of action are
15   time-barred and will be dismissed.  Plaintiff's third and eighth causes of action fail as a matter of law
16   and will also be dismissed.

17   Accordingly,

18   IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss filed
19   by defendants the LVMPD, Gillespie, Torsky, and Brown (doc. # 54), be, and the same hereby is,
20   GRANTED.

21   IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the
22   case.

23   DATED July 3, 2014.

24

25   _____
26   **UNITED STATES DISTRICT JUDGE**

27

28