**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

| | |
|---|---|
| TRACEY L. BROWN,<br><br>        Plaintiff,<br><br>v.<br><br>ROBERT MARTINEZ, et al.,<br><br>        Defendants. | 2:12-CV-173 JCM (GWF) |

**AMENDED ORDER**

Presently before the court is a motion to dismiss filed by defendants the Las Vegas Metropolitan Police Department ("LVMPD"), Douglas C. Gillespie, and Gary Torsky (doc. # 54), in which defendant James Buczek joined (doc. # 57) (collectively "defendants"). Plaintiff Tracey L. Brown has filed a response in opposition (doc. # 60)[1], to which defendants have replied (doc. # 63).

**I.      Background**

In his second amended complaint, plaintiff alleges that various LVMPD officers entered his home on August 15, 2005, without permission and conducted an illegal search of his home. (Doc. # 43). Plaintiff alleges that the officers were looking for a black male robbery suspect. The officers allegedly knocked on several doors looking for the suspect, but upon learning that white individuals resided at the home, the officers did not enter the home.

. . .

---

[1] Plaintiff's opposition contains a motion to enlarge time to serve other defendants. Pursuant to District of Nevada Special Order 109(III)(F)(4), a separate document must be filed on the docket for each purpose. The court cannot consider plaintiff's request unless it is filed separately, as a motion.

**James C. Mahan**
**U.S. District Judge**

1    Allegedly, when the officers knocked on plaintiff's door, his 6-year-old son, who is black, opened the door. Plaintiff alleges that officers immediately barged inside without permission, probable cause, or a search warrant. Plaintiff further alleges, *inter alia*, that the officers used fraudulent and/or illegal evidence found in his home, in addition to lying or providing misleading testimony at his state trial, to convict him of various state criminal charges.

In December 2007, a jury found plaintiff guilty at his state trial. On August 3, 2009, the Nevada Supreme Court reversed that conviction, finding that the consent given by plaintiff's girlfriend "was not sufficiently an act of free will to purge the taint of the unlawful entry." (*See* doc. # 54, Exhibit B). Plaintiff ultimately entered a plea to a robbery charge on April 13, 2010, and a final judgment of conviction was entered on May 7, 2010.

On February 2, 2012, plaintiff, acting *pro se*, commenced the instant lawsuit alleging constitutional violations against the LVMPD and its various officers. (Doc. # 1-1). On December 10, 2012, plaintiff, represented by counsel, filed a motion for leave to file a second amended complaint. (Doc. # 39). On May 14, 2013, this court entered an order adopting in part and rejecting in part the report and recommendation of Magistrate Judge Foley. (Doc. # 42). In that order, the court granted plaintiff's motion to file a second amended complaint. Plaintiff was ordered to separately file the proposed amended complaint within ten days of the issuance of that order.

Nearly ten months later, after finding no further docket activity, this court ordered plaintiff to show cause as to why the case should not be dismissed on March 3, 2014. (Doc. # 44). On that same day, plaintiff filed his second amended complaint. (Doc. # 43). On March 13, 2014, plaintiff filed a response to the court's show cause order. (Doc. # 51).

In his second amended complaint, plaintiff alleges eight causes of action: (1) for violations of his Fourth, Fifth, and Fourteenth Amendment rights pursuant to 42 U.S.C. § 1983; (2) for illegal search and seizure and due process violations under the Fourteenth Amendment and the Nevada State Constitution; (3) for general race discrimination pursuant to 42 U.S.C. § 1981; (4) for negligence and negligent hiring, training, and supervision under 42 U.S.C. § 1986; (5) for assault and battery; (6) for false arrest, false imprisonment, and malicious prosecution; (7) for civil

James C. Mahan
U.S. District Judge

- 2 -

1  conspiracy and abuse of process pursuant to 42 U.S.C. § 1985; and (8) for *respondeat superior*.
2  (Doc. # 43). In his prayer for relief, plaintiff seeks various monetary damages. (Doc. # 43, p. 17).
3      In the instant motion, defendants seek dismissal to all of plaintiff's causes of action pursuant
4  to 12(b)(5) and 12(b)(6). The court will address each in turn.

## II.  Legal Standard

6      A court may dismiss a complaint for "failure to state a claim upon which relief can be
7  granted." Fed. R. Civ. P. 12(b)(6). A properly pled complaint must provide "[a] short and plain
8  statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); *Bell*
9  *Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). While Rule 8 does not require detailed factual
10 allegations, it demands "more than labels and conclusions" or a "formulaic recitation of the elements
11 of a cause of action." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citation omitted).

12     "Factual allegations must be enough to raise a right to relief above the speculative level."
13 *Twombly*, 550 U.S. at 555. Thus, to survive a motion to dismiss, a complaint must contain sufficient
14 factual matter to "state a claim to relief that is plausible on its face." *Iqbal*, 556 U.S. 662, 678
15 (citation omitted).

16     In *Iqbal*, the Supreme Court clarified the two-step approach district courts are to apply when
17 considering motions to dismiss. First, the court must accept as true all well-pled factual allegations
18 in the complaint; however, legal conclusions are not entitled to the assumption of truth. *Id.* at 678-79.
19 Mere recitals of the elements of a cause of action, supported only by conclusory statements, do not
20 suffice. *Id.* at 678.

21     Second, the court must consider whether the factual allegations in the complaint allege a
22 plausible claim for relief. *Id.* at 679. A claim is facially plausible when the plaintiff's complaint
23 alleges facts that allow the court to draw a reasonable inference that the defendant is liable for the
24 alleged misconduct. *Id.* at 678.

25     Where the complaint does not permit the court to infer more than the mere possibility of
26 misconduct, the complaint has "alleged–but not shown–that the pleader is entitled to relief." *Id.*

27
28

**James C. Mahan**
**U.S. District Judge**

- 3 -

1  (internal quotations omitted). When the allegations in a complaint have not crossed the line from conceivable to plausible, plaintiff's claim must be dismissed. *Twombly*, 550 U.S. at 570.

The Ninth Circuit addressed post-*Iqbal* pleading standards in *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011). The *Starr* court stated, "First, to be entitled to the presumption of truth, allegations in a complaint or counterclaim may not simply recite the elements of a cause of action, but must contain sufficient allegations of underlying facts to give fair notice and to enable the opposing party to defend itself effectively. Second, the factual allegations that are taken as true must plausibly suggest an entitlement to relief, such that it is not unfair to require the opposing party to be subjected to the expense of discovery and continued litigation." *Id.*

### III.   Analysis

#### A.   *Dismissal under 12(b)(5)*

Federal Rule of Civil Procedure 4(m) provides: "If a defendant is not served within 120 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice."

Plaintiff filed his second amended complaint on March 3, 2014. (Doc. # 43). Defendants the LVMPD, Gillespie, and Torsky were served on March 7, 2014 and defendant Buczek was served on April 8, 2014. This is well within 120 days.

Accordingly, these defendants were served within 120 days in accordance with Rule 4(m) and defendants' motion to dismiss will be denied as it pertains to 12(b)(5).

#### B.   *Statute of limitations*

"Federal law determines when a cause of action accrues and the statute of limitations begins to run for a § 1983 claim." *Bagley v. CMC Real Estate Corp.*, 923 F.2d 758, 760 (9th Cir. 1991). Generally, a claim accrues when a plaintiff knows, or should know, of the injury on which the cause of action is based. *Id.*

However, the Ninth Circuit recently clarified "our law on when a released prisoner's cause of action for constitutional violations accrues, and when the statute of limitations begins to run." *Rosales-Martinez v. Palmer*, — F.3d —, Dkt. No. 12-15077, 2014 WL 2462557, at *1 (9th Cir. June

**James C. Mahan**
**U.S. District Judge**

- 4 -

1  3, 2014) (applying Nevada law). In *Rosales-Martinez*, the plaintiff alleged that "he was unlawfully
2  convicted and imprisoned as a result of violations of his constitutional rights." *Id*. Rosales-Martinez
3  alleged that "the Nevada state court recognized the constitutional error, granted his petition for a writ
4  of habeas corpus, and ordered him free." *Id*. The district court dismissed Rosales-Martinez's action
5  as time-barred, reasoning that the accrual date was when he learned of the violation and two years
6  had passed since that date. *Id*. Reversing and remanding the district court's holding, the Ninth Circuit
7  Court explained that "[p]ursuant to *Heck v. Humphrey*, 512 U.S. 477, 487 (1994), [plaintiff's] cause
8  of action did not accrue until his conviction was held invalid." *Id*. The Ninth Circuit concluded that
9  the statute of limitations for a prisoner to bring a § 1983 action commenced when the state court
10 vacated his convictions. *Id*. at *6.

11 Here, plaintiff argues that the accrual date for his action is either April 3, 2010, when his plea
12 was entered, or May 7, 2010, when final judgment was entered. In response, defendants argue that
13 the accrual date is either August 15, 2005, the date of the alleged incident, or August 3, 2009, the
14 date of plaintiff's reversal.

15 Defendants are correct in part. The statute of limitations for plaintiff's claims accrued on
16 August 3, 2009, when the Nevada Supreme Court reversed his conviction. *See Jackson v. Barnes*,
17 749 F.3d 755, 759 (9th Cir. 2014) (holding that a prisoner's claim for relief based on an unlawful
18 sentence does not accrue until his sentence was invalidated, necessarily a later date than when he
19 learned of the unlawful actions). "A case is deemed to be commenced when the complaint is filed."
20 *Chachas v. City of Ely, Nev.*, 615 F. Supp. 2d 1193, 1203 (Nev. 2009) (citing *Perez*, 869 F.2d at
21 426). Plaintiff filed his initial complaint on February 2, 2012.

22 <u>(1)     42 U.S.C. § 1983 - first and second causes of action</u>

23 "The length of the limitations period for § 1983 actions is governed by state law." *Jones v.*
24 *Blanas,* 393 F.3d 918, 927 (9th Cir. 2004). "[Section] 1983 claims are best characterized as personal
25 injury actions." *Wilson v. Garcia*, 471 U.S. 261, 280 (1985). Under Nevada law, the statute of
26 limitations for personal injury claims is two years. *See* NRS 11.190(4)(e); *Perez v. Seevers*, 869 F.2d
27 425, 426 (9th Cir. 1989).

28

**James C. Mahan**
**U.S. District Judge**

- 5 -

1    Applying Nevada's two-year statute of limitations, plaintiff had until August 3, 2011, to file
2 his § 1983 claims. Plaintiff filed his initial complaint on February 2, 2012, approximately six months
3 after the statute of limitations ran.

4    Accordingly, plaintiff's claims under his first and second causes of action are time-barred and
5 the motion to dismiss will be granted as to those claims.

6        (2)    42 U.S.C. §§ 1985 and 1986 - fourth and seventh causes of action

7    "Claims brought pursuant to § 1985 are likewise governed by the statute of limitations for
8 personal injury actions, and as such the statute of limitations for such claims is two years." *Chachas*,
9 615 F. Supp. 2d at 1202-03 (citing *McDougal v. Cnty. of Imperial*, 942 F.3d 688, 673-74 (9th Cir.
10 1991)). "The statute of limitations for § 1986 claims is one year." *Id.* at 1203; 42 U.S.C. § 1986.

11    Plaintiff's §§ 1985 and 1986 claims became time-barred on August 3, 2011, and August 3,
12 2010, respectively. Alternatively, these claims are also barred because the absence of a claim under
13 § 1983 precludes a conspiracy claim under § 1985 predicated on the same allegations. *See Caldeira*
14 *v. Cnty. of Kauai*, 866 F.2d 1175, 1182 (9th Cir. 1989). "A claim can be stated under [§] 1986 only
15 if the complaint contains a valid claim under [§] 1985." *Karim-Panahi v. L.A. Police Dep't*, 839 F.2d
16 621, 626 (9th Cir. 1988).

17    Accordingly, the motion to dismiss will be granted as to the claims under plaintiff's fourth
18 and seventh causes of action.

19        (3)    Nevada law - fifth and sixth causes of action

20    Nevada's statute of limitations for "assault, battery, [or] false imprisonment" is two years.
21 *See* NRS 11.190(4)(c).

22    Plaintiff argues that the statute of limitations on false imprisonment is subject to a distinctive
23 rule under *Wallace v. Kato*, 549 U.S. 384, 393-94 (2007), which states that "[l]imitations begin to
24 run against an action for false imprisonment when the alleged false imprisonment ends." Plaintiff
25 asserts that such date is when he entered his plea on April 3, 2010.

26    However, *Wallace* also holds that "reflective of the fact that false imprisonment consists of
27 detention without legal process, a false imprisonment ends once the victim becomes held *pursuant*

28

**James C. Mahan**
**U.S. District Judge**

- 6 -

*to such process—* when, for example, he is bound over by a magistrate or arraigned on charges." *Id*. at 389 (emphasis in original) (citation omitted). In the present case, as plaintiff was arraigned on September 26, 2005, his argument actually puts him further outside of the statute of limitations. (Doc. # 54, Exhibit 1, p. 7).

Accordingly, plaintiff's claims under his fifth and sixth causes of action are time-barred and the motion to dismiss will be granted as to those claims.

C.   *42 U.S.C. § 1981 (third cause of action)*

Section 1981 prohibits race discrimination in the making and enforcing of contracts. *See* 42 U.S.C. § 1981 ("All persons . . . shall have the same right in every State and Territory to make and enforce contracts. . . ."). The allegations as set forth by the complaint have an abject lack of relevance to § 1981, as the current controversy does not involve a contract.

Accordingly, the motion to dismiss will be granted as to this claim.

D.   *Respondeat superior (eighth cause of action)*

Plaintiff's eighth and final cause of action is one for *respondeat superior* for torts. (Doc. # 43, p. 16). The claim seeks to hold the LVMPD and Gillespie liable for the torts allegedly committed by the various officers.

However, *respondeat superior* is a theory of attributing liability, and is not itself a stand-alone claim for relief. Additionally, § 1983 does not permit *respondeat superior* liability. *See Monell v. Dept. of Social Services*, 436 U.S. 658 (1978) (rejecting the concept of *respondeat superior* liability in the § 1983 context and requiring individual liability for the constitutional violation).

Accordingly, the motion to dismiss will be granted as to this claim.

E.   *Equitable tolling*

Plaintiff argues that the statute of limitations should be tolled until April 13, 2010, when he entered his plea. In response, defendants argue that equitable tolling is precluded based on the legal doctrines enunciated in *Heck v. Humphrey*, 512 U.S. 477, 484 (1994).

. . .

. . .

James C. Mahan
U.S. District Judge

- 7 -

Federal courts apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law. *See Hardin v. Straub*, 490 U.S. 536, 537-39 (1989); *Fink v. Shedler*, 192 F.3d 911, 913-14 (9th Cir. 1999). A claimant bears a heavy burden in showing that equitable tolling should apply. *Miranda v. Castro*, 292 F.3d 1063, 1065 (9th Cir. 2002). The Ninth Circuit has explained that courts should apply the equitable tolling doctrine narrowly, "lest the exceptions swallow the rule." *Id*. at 1066. Equitable tolling "is appropriate only if extraordinary circumstances beyond a prisoner's control make it impossible to file a petition on time." *Id*. A plaintiff bears the burden of showing that this extraordinary exclusion should apply to him. *Id*. (citation omitted).

The court finds that plaintiff did not meet this burden. While plaintiff was held on the same charges after the reversal of his conviction on August 3, 2009, he does not show that such circumstances precluded him from filing the instant complaint.

**IV.  Conclusion**

In summary, plaintiff's first, second, fourth, fifth, sixth, and seventh causes of action are time-barred and will be dismissed. Plaintiff's third and eighth causes of action fail as a matter of law and will also be dismissed.

Accordingly,

IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that the motion to dismiss filed by defendants the LVMPD, Gillespie, Torsky, and Buczek (doc. # 54), be, and the same hereby is, GRANTED.

IT IS FURTHER ORDERED that the clerk shall enter judgment accordingly and close the case.

DATED July 8, 2014.

_____
UNITED STATES DISTRICT JUDGE

**James C. Mahan**
**U.S. District Judge**